In the United States District Court
for the Southern District of Georgia
Brunswick Division

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 JUL 12 A 11: 35

CLERK _____
SO. DIST. OF GA.

RONN A. BEN AAMAN, : CIVIL ACTION

    Plaintiff, :

    v. :

VINNELL CORPORATION and :
NORTHROP GRUMMAN CORPORATION,
 :
    Defendants. NO. CV205-093

## O R D E R

Plaintiff, Ronn A. ben Aaman, filed the above-captioned case against Defendants, Vinnell Corporation and Northrop Grumman Corporation, asserting a claim of employment discrimination under Title VII of the Civil Rights Act of 1964. Presently before the Court is Northrop Grumman's motion to dismiss for failure to state a claim upon which relief can be granted. Because the Court must construe the allegations in the light most favorable to ben Aaman, Defendant's motion will be **DENIED**.

AO 72A
(Rev. 8/82)

**BACKGROUND**

In July 2002, ben Aaman, a white man, began working as Vinnell's human resources manager at its Brunswick Job Corps Center. In December 2002, Northrop Grumman acquired Vinnell, and Vinnell's parent company, TRW Inc.

While at the Center, ben Aaman worked under two different supervisors, Arvin Lane and Ed Brown, both black men. During the course of ben Aaman's employment, he became troubled by comments that Lane allegedly made, disparaging other employees on the basis of their race, sex, or religion. Plaintiff warned Lane not to make such remarks, and notified personnel at corporate headquarters of his concerns.

In March 2003, Brown became the Center's new director. Brown allegedly told ben Aaman that he had to go through Brown before contacting personnel at corporate headquarters, explaining that "I heard what you did to Arvin, you are not going to do that to me." According to ben Aaman, on April 11, 2003, Brown terminated him in retaliation for his opposition to unlawful discrimination in the workplace.

On February 4, 2004, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), against "Northrop Grumman Mission Systems (Vinell)."

2

According to Vinnell's answer, Vinnell is a wholly-owned subsidiary of Northrop Grumman Mission Systems ("NGMS"), and NGMS is a subsidiary of Northrop Grumman Corporation. Doc. 10 at 7.

On February 9, 2005, the EEOC notified ben Aaman of his right to pursue his complaint in court. On April 28, 2005, Plaintiff filed the instant suit against Vinnell and Northrop Grumman. NGMS was not named as a party.

## MOTION TO DISMISS STANDARD UNDER RULE 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a complaint on the ground that the plaintiff has failed to state a claim upon which relief can be granted. A motion under Rule 12(b)(6) attacks the legal sufficiency of the complaint. In essence, the movant says, "Even if everything you allege is true, the law affords you no relief."

Consequently, in determining the merits of a 12(b)(6) motion, a court must assume that all of the factual allegations of the complaint are true, e.g., United States v. Gaubert, 111 S. Ct. 1267, 1276 (1991), and construe the allegations in the light most favorable to the plaintiff, e.g., Sofarelli v.

AO 72A
(Rev. 8/82)

Pinellas County, 931 F.2d 718, 721 (11th Cir. 1991). "A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the [complainant] can prove no set of facts in support of his claim which would entitle him to relief." United States v. Baxter Int'l, Inc., 345 F.3d 866, 880 (11th Cir. 2003).

**DISCUSSION**

Northrop Grumman contends that it should be dismissed from the case because ben Aaman makes no specific allegations of wrongdoing against it, and because it was not named in ben Aaman's EEOC Charge.

I. **Plaintiff Alleges That Northrop Grumman Was His Employer**

Northrop Grumman contends that the specific allegations of wrongdoing in the complaint are made against its corporate subsidiary, Vinnell, and that it is not a proper party to the lawsuit because ben Aaman's allegations of an employment relationship are factually incorrect, and too conclusory to proceed.

Yet, ben Aaman alleges that Northrop Grumman was one of his employers. Compl. ¶¶ 16 & 17. On a motion to dismiss

under Rule 12(b)(6), the Court merely judges the legal sufficiency of the complaint. Under the notice pleading system of the Federal Rules of Civil Procedure, it is left to the discovery process to sort out the specific facts underlying a plaintiff's general claims. Consequently, Northrop Grumman's assertion that it was not ben Aaman's employer is, at best, premature. If Plaintiff's allegation is unsupported by the facts, Northrop Grumman may move for summary judgment. See Brown v. Am. Legion Cortland City Post 489, 64 F. Supp. 2d 96, 100 (N.D.N.Y. 1999)(employer showing that employment relationship did not exist).

If Northrop Grumman was ben Aaman's employer, Plaintiff states a claim entitling him to relief.

II. **Northrop Grumman May Be Subject to Suit Even Though It Was Not Named in the EEOC Charge**

Next, Northrop Grumman argues that ben Aaman's complaint against it should be dismissed because it was not named in his EEOC Charge. Generally, an employee alleging workplace discrimination must identify the employer responsible for the discrimination in an EEOC Charge, so the employer has notice of the complaint and an opportunity to resolve the matter outside of court.

AO 72A
(Rev. 8/82)

However, this requirement is construed liberally by the courts. Virgo v. Riviera Beach Assocs., Ltd., 30 F.3d 1350, 1358 (11th Cir. 1994). If the purposes of Title VII have been satisfied, a lawsuit may be maintained against a party not named in an EEOC Charge.

> In order to determine whether the purposes of Title VII are met, courts do not apply a rigid test but instead look to several factors including: (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings. . . . Other factors may be relevant depending on the specific facts of the case.

Id. at 1358-59 (internal citations omitted).

Northrop Grumman has not attempted to show that the case against it should not proceed under the factors enumerated in Virgo. On a motion to dismiss for failure to state a claim, the Court construes the allegations in the light most favorable to the plaintiff. This standard of review serves to distinguish the authorities relied on by Defendant. See Husnay v. Enviromaster In'l Corp., 275 F. Supp. 2d 265, 266-67 (motion for judgment on the pleadings under Rule 12(c), challenging subject matter jurisdiction); Olsen v. Marshall & Ilsley Corp.,

AO 72A
(Rev. 8/82)

267 F.3d 597, 604 (7th Cir. 2001)(summary judgment); James v. Family Mart, 496 F. Supp. 891, 893-94 (M.D. Ala. 1980)(summary judgment).[1]

Additionally, ben Aaman has stated that he must conduct discovery to establish that the purposes of Title VII have been met, such that it would be proper to subject Northrop Grumman to suit. See Canavan v. Beneficial Fin. Corp., 553 F.2d 860, 861-65 (3d Cir. 1977). Absent some specific showing by Northrop Grumman to the contrary,[2] Plaintiff is entitled to proceed to discovery. The Court can consider whether Northrop Grumman had an employment relationship with ben Aaman, and whether it is subject to suit under Virgo, when these matters are fully briefed and supported by the facts in the record.[3]

---

[1] The passage cited by Defendant in Russell v. Enterprise Rent-A-Car of R.I., 160 F. Supp. 2d 239, 252-54 (D.R.I. 2001), is obiter dictum, and unpersuasive in any event, because it applies the incorrect standard of review for a motion to dismiss for failure to state a claim upon which relief can be granted.

[2] Depending on the stage of the proceedings, the authorities discussed above suggest that such a showing could be made with a motion to dismiss pursuant to Rule 12(b)(1) or 12(h)(3), a motion for judgment on the pleadings under Rule 12(c), or a motion for summary judgment under Rule 56.

[3] If Defendant's assertions are supported by the evidence, ben Aaman may decide to amend his complaint to correct any deficiency and assert a claim against NGMS.

**CONCLUSION**

For the reasons explained above, Defendant's motion to dismiss is **DENIED**. See Doc. No. 8.

**SO ORDERED**, this 12th day of July, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)