IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RONN A. BEN AAMAN,

    Plaintiff,

v.

VINNELL CORPORATION,

    Defendant.

CIVIL ACTION NO. CV205-93

## QUALIFIED CONSENT PROTECTIVE ORDER GOVERNING PROTECTION AND PRODUCTION OF CONFIDENTIAL INFORMATION, DOCUMENTS, AND MATERIALS

IT IS HEREBY ORDERED, pursuant to Rule 26(c) of the Federal Rules Civil Procedure, as follows:

1. This Order governs the handling of confidential, non-public, and/or sensitive information, documents, and other materials in the above-captioned lawsuit (the "Litigation"). Such information, documents, and other materials may include without limitation non-public business, medical, or personal information and records of Plaintiff and Defendant which have been or will be provided, produced, or obtained pursuant to disclosures, interrogatories, document requests, notice(s) of deposition, deposition(s) upon written questions, or by subpoena in this Litigation. Such information, documents, and other materials also may include "Protected Health Information" within the meaning of 45 C.F.R. § 164.501, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). This Consent Protective Order is intended to meet the requirements of a "qualified protective order" as described in 45 C.F.R. § 164.512(e)(1).

2. Either party may designate as "Confidential" any information, documents, and/or other materials which it believes in good faith contain confidential, sensitive, non-public, and/or privileged information by notifying opposing counsel of the designation specific to the information, document(s), or material(s). All documents clearly marked with the word "Confidential," and all documents, written responses to interrogatories or questions, transcripts, or portions of transcripts otherwise clearly identified as such by a party or its counsel in this Litigation, shall be subject to this Consent Protective Order. For purposes of this Order, such information, documents, and other materials shall be referred to hereafter as "Confidential Materials."

3. Confidential Materials shall be used and disclosed solely for legitimate purposes of this Litigation, including, among other things, use in conjunction with testimony and as exhibits at trial, in conjunction with motions, hearings, depositions, or witness preparation, and in preparation for trial or any motion, hearing, deposition, or other proceeding connected with this Litigation. Such use shall be subject to the restrictions of this Order. Confidential Materials shall not be used or disclosed in any proceedings other than this Litigation or to further or disrupt the business interests of any person (other than the preparation and prosecution of claims and defenses in this Litigation). Under no circumstance will any party or the representative(s) of any party to this Litigation provide or disclose any Confidential Materials that have been provided, produced, or obtained during this Litigation to the press or media, to other current or former employees of Defendant, or to any other employer, except as otherwise expressly allowed under the terms of this Order.

4. Use or disclosure of Confidential Materials beyond the restrictions of this Order, whether during this Litigation or after its conclusion, may occur only with the express written consent of the party who provided or produced the materials or of its counsel of record in this Litigation (EXCEPT that, to the extent any such Confidential Materials constitute Protected Health Information, use or disclosure of such Protected Health Information beyond the restrictions of this Order may occur only with the express authorization of the individual about whom such information pertains to the extent required by law), or as otherwise required by law or by order of any court of competent jurisdiction.

5. Confidential Materials shall not be published, circulated, disclosed, delivered, or made available to anyone who is not a "Qualified Person" as defined in Paragraph 6 of this Order, except as specifically provided herein. In the event a party and/or his/its counsel of record deem(s) it necessary for purposes of this Litigation to disclose any documents or other materials designated as "Confidential" to a person who is not a Qualified Person as defined in Paragraph 6, such party or counsel must first require such person to read this Order and agree, by executing an agreement in the form of "Exhibit A" attached hereto, as follows: (a) to be bound by the terms of this Order; (b) not to disclose, deliver, or make available Confidential Materials to anyone other than a Qualified Person; and (c) to use any Confidential Materials solely for the purposes of this Litigation. The party or attorney who discloses, delivers, or makes available the Confidential Materials to the person shall retain all executed agreements in the form of Exhibit A evidencing such an undertaking(s) for at least six (6) months beyond the "Conclusion" of this Litigation (which means after final order of the Court and after all appeal rights have expired) in

the event that a dispute arises with regard to compliance with this Order. It shall not be necessary to secure or obtain executed agreements with respect to Qualified Persons.

6. "Qualified Person(s)" as used in this Order means:

a. All parties and their designated representatives and attorneys of record in this Litigation, other attorneys employed by or consulting with the attorneys of record for purposes of this Litigation, and other employees and/or consultants of such attorneys to whom it is reasonably necessary that Confidential Materials be shown for purposes of this Litigation;

b. Experts retained or utilized by the parties or their attorneys of record in this Litigation for the purpose of assisting in the preparation of this Litigation for trial, such as physicians, psychiatrists, psychologists, physical or mental health consultants, statisticians, economists, or other experts, including staff and support personnel to whom it is necessary that Confidential Materials be shown for purposes of assisting in such preparation;

c. Custodians and/or authors of the Confidential Materials to whom it is reasonably necessary that the Confidential Materials be shown, provided that such persons shall not be deemed "Qualified Persons" with respect to other Confidential Materials of which the person was not an author or custodian;

d. Any person who is being questioned in a deposition in this Litigation during such deposition, provided that counsel disclosing the Confidential Materials has a good faith basis for believing the documents are relevant to the person's testimony or knowledge, and provided that such person shall not be deemed a "Qualified Person" with respect to other Confidential Materials which are not relevant to the person's testimony or knowledge;

e.  Any person who is scheduled to be deposed or to testify in this Litigation during preparation for such deposition or testimony, provided that counsel disclosing the Confidential Materials to such person has a good faith basis for believing the documents are relevant to the person's testimony or knowledge, and provided that such person shall not be deemed a "Qualified Person" with respect to other Confidential Materials which are not relevant to the person's testimony or knowledge; and

f.  Any other person who is designated as a Qualified Person by agreement of the parties or by order of the Court, subject to the specific terms of such designation. The parties will be expected to confer in good faith and not to withhold consent to the designation of a person as a Qualified Person without legitimate reason.

7.  Except as set forth above, this Order does not limit use of Confidential Materials at trial of this action or at any hearing or deposition related to this Litigation for any purpose, except that the parties reserve the right to object to the production, use, or admission into evidence of any such information, documents, or materials for any reason grounded upon the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence. Further, the parties reserve the right to petition the Court to seal Litigation records containing Confidential Materials, and reserve the right to seek additional protective order(s) if the need arises.

8.  In the event any party to this Litigation disagrees with the designation of any information, documents, or materials as "Confidential," or the restriction of the use or disclosure of such information, documents, or materials pursuant to this Order, that party must in good faith attempt to resolve the disagreement on an informal basis. If the parties are unable to resolve the disagreement informally after attempting in good faith to do so, the party challenging the

"Confidential" designation who seeks to except such materials from the terms, conditions, and restrictions of this Order may apply for appropriate relief from the Court. The Court may resolve the dispute upon <u>in camera</u> inspection of the materials designated "Confidential" and may determine upon good cause shown whether the restrictions of this Order should not apply to such materials. To the extent a dispute under this paragraph results in substantial delay in the discovery process, the non-prevailing party in such dispute will not object to the continuance of discovery with respect to the information, documents, or materials in question beyond the expiration of the discovery period.

9. This Order shall not operate as a waiver by any party to this Litigation of any objection to producing or providing any documents, information, or other materials, nor shall it operate as a waiver by any party of any objection to entry of any document or other material into evidence at trial or in any other proceedings in this Litigation on grounds other than those addressed in this Order. This Order also does not constitute a waiver of any argument regarding the timeliness of objections or production of documents.

10. After the Conclusion of this Litigation, any Confidential Materials that also constitute "Protected Health Information" within the meaning of 45 C.F.R. § 164.501, shall be returned to the disclosing individual or entity, or shall be destroyed upon the expiration of sixty (60) days of the Conclusion of the Litigation, except that a party to this litigation and Consent Protective Order may waive this requirement with regard to Protected Health Information directly concerning that party by failing to request return or destruction within 60 days after the conclusion of the litigation. Otherwise, all Confidential Materials shall be kept in the possessing parties' secure files after the Conclusion of this Litigation in accordance with the provisions

herein or shall be returned to the party who produced them in discovery or shall be destroyed upon that party's request by arrangement of that party and at that party's expense within six (6) months after the Conclusion of this Litigation.

12. The parties hereby voluntarily agree to comply with the terms of this Order immediately upon its execution by all parties hereto, and they shall continue to comply with its terms regardless of when or whether it is entered by the Court.

SO ORDERED this 1st day of November, 2005.

_____
U.S. District Judge
MAGISTRATE

CONSENTED TO:

_____
Brad S. McLelland, Esq.
Georgia Bar No. 496898
Law Office of Brad S. McLelland, P.C.
1601 Reynolds Street
Brunswick, Georgia 31520
Telephone: (912) 265-4000
Facsimile: (912) 265-3757

Attorney for Plaintiff

_____
*L. Traywick Duffie, Esq.
Georgia Bar No. 231950
*Meredith K. Olafson, Esq.
Georgia Bar No. 551251
*Admitted Pro Hac Vice
HUNTON & WILLIAMS LLP
Bank of America Plaza, Suite 4100
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
Telephone: (404) 888-4000
Facsimile: (404) 888-4190

James B. Durham, Esq.
Georgia Bar No. 235526
William McHugh, Esq.
Georgia Bar No. 493705
DURHAM, MCHUGH
 & DUNCAN, P.C.
Bank of America Plaza, Suite 300
P.O. Box 2177
Brunswick, Georgia 31521
Telephone: (912) 264-1800
Facsimile: (912) 264-4480

Attorneys for Defendant Vinnell Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RONN A. BEN AAMAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>VINNELL CORPORATION,<br><br>　　　　Defendant. | CIVIL ACTION NO. CV205-93 |

## AGREEMENT CONCERNING CONFIDENTIAL MATERIALS

Having read the QUALIFIED CONSENT PROTECTIVE ORDER GOVERNING PROTECTION AND PRODUCTION OF CONFIDENTIAL INFORMATION, DOCUMENTS, AND MATERIALS ("QUALIFIED PROTECTIVE ORDER") in the above-captioned action, the undersigned hereby acknowledges and agrees as follows:

I acknowledge that certain documents containing confidential information have been disclosed to me in connection with the above-referenced litigation. I understand that such documents are subject to the QUALIFIED PROTECTIVE ORDER referenced above, which I have read.

I understand the terms and restrictions of the QUALIFIED PROTECTIVE ORDER and I agree to be bound by those terms and restrictions. I further agree not to reveal information designated as "Confidential" to anyone other than a Qualified Person as defined in the QUALIFIED PROTECTIVE ORDER, and I agree to use information designated as "Confidential" solely for the purposes of this Litigation.

_____          _____
Signature                                     Date


_____
Name (printed)